UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD WILFORD, JR.                               CIVIL ACTION

VERSUS                                            NO: 21-1123

NATIONWIDE MUTUAL INSURANCE                       SECTION: "A" (4)
CO., ET AL.

<u>**ORDER AND REASONS**</u>

The following motion is before the Court: **Motion to Remand (Rec. Doc. 7)** filed by Plaintiff,

Donald Wilford, Jr. Defendants KJ York Enterprises, Inc. ("KJ York") and Allied P&C Insurance Co.

(collectively "Removing Defendants") oppose the motion. (Rec. Doc. 10). The motion, submitted for

consideration on August 4, 2021, is before the Court on the briefs without oral argument. For the following

reasons, the motion is **GRANTED**.

## I.      BACKGROUND

This suit arises out of an automobile collision that occurred in Cullman County, Alabama on February

18, 2020. (Rec. Doc. 1-6, State Court Petition ¶ 2). Plaintiff, Donald Wilford, Jr., alleges that on the day of the

accident he was riding in the passenger seat of a 2016 Ford truck, operated by Darron Guitroz and owned by

KJ York, when Guitroz drove the truck into the path of a Kenworth tractor trailer. (*Id.*). Plaintiff contends that

the collision was caused by Guitroz's fault and negligence and that, as a result, he sustained "serious and

permanent physical injuries." (*Id.* ¶ 4). Plaintiff alleges that KJ York is vicariously liable for Guitroz's

negligence because, at all relevant times, Guitroz was an employee or agent of KJ York in the course and

scope of his employment or agency. (*Id.* ¶ 5). Plaintiff further claims that, at the time of the accident,

Nationwide Mutual Insurance Co. and Allied P&C Insurance Co. had an automobile liability insurance policy

in full force and effect insuring KJ York and the driver of its vehicle. (*Id.* ¶ 6).

On February 18, 2021, Plaintiff initiated this lawsuit in Jefferson Parish state court against Defendants Nationwide Mutual Insurance Co., Allied P&C Insurance Co., KJ York Enterprises, Inc., and Darron Guitroz. (Rec. Doc. 1-6, State Court Petition ¶ 1). Removing Defendants removed this matter pursuant to 28 U.S.C. § 1332 and § 1441. (Rec. Doc. 1, Notice of Removal). While acknowledging Plaintiff's and Defendant Guitroz's shared Louisiana citizenship, Removing Defendants argue that Guitroz was improperly joined and, therefore, that his citizenship should be ignored for jurisdiction purposes. (*Id.*¶ 12). Specifically, Removing Defendants contend that Plaintiff was an employee of KJ York at the time of the accident, making him Defendant Guitroz's co-employee and barring his negligence claim against Guitroz under the Louisiana Workers' Compensation statute. (*Id.* ¶¶ 15–17). Plaintiff moves to remand the case back to state court contending that the parties are not completely diverse and that the joinder of Guitroz is proper because Plaintiff was not an employee of KJ York at the time of the accident. (Rec. Docs. 7, 7-1).

## II.     LAW AND ANALYSIS

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Federal district courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The Court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The Court must presume that a suit lies outside of the limited jurisdiction of a federal court, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Because removal raises significant federalism concerns, any doubt regarding the propriety of removal jurisdiction must be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160,

1164 (5th Cir.1988)). In the present case, Defendants removed the suit from state to federal court based on 28 U.S.C. § 1332, diversity jurisdiction. Therefore, Defendants carry the burden of proving that the prerequisites of § 1332—complete diversity of citizenship and an amount in controversy that exceeds $75,000—are satisfied. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity. *Cuevas v. BAC Home Loans Servicing, LP,* 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). Subsection (b) of the federal removal statute specifies that suits not arising under federal law are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (quoting 28 U.S.C. § 1441(b)) (emphasis in original). Accordingly, in removal cases based on diversity jurisdiction and involving allegations of improper joinder, such as the present case, the removing party has the additional burden of proving the alleged fraud. *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). Therefore, Removing Defendants also have the burden of proving that Defendant Guitroz was improperly joined in this suit.

The Fifth Circuit has recognized two ways of establishing improper, or fraudulent, joinder.[1] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc). The removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Removing Defendants do not dispute that both Plaintiff and Defendant Guitroz are Louisiana citizens, so only the second method is implicated here. Under the second method, the

---

[1] The Court notes that the United States Court of Appeals for the Fifth Circuit has adopted the term "improper joinder" as the preferred term given that "improper joinder" is more consistent with the statutory language than "fraudulent joinder." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc).

removing defendant establishes improper joinder by "demonstrat[ing] that there is no possibility of recovery by the plaintiff against an in-state[, nondiverse] defendant," or, said another way, "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state[, nondiverse] defendant." *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018) (quoting *Smallwood*, 385 F.3d at 573)).

The district court may resolve this inquiry in one of two ways. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (citing *Smallwood*, 385 F.3d at 573). First, the court may conduct a Rule 12(b)(6)-type analysis, looking at the allegations of the petition to determine whether it states a claim against the non-diverse defendant under state law. *Id.* If the plaintiff can survive a Rule 12(b)(6) challenge, then ordinarily there is no improper joinder. *Smallwood*, 385 F.3d at 573. "To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt.*, 818 F.3d at 200 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014)).

Alternatively, in cases where a plaintiff has stated a claim that satisfies Rule 12(b)(6), but has misstated or omitted discrete facts that would establish the propriety of joinder, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Cumpian v. Alcoa World Alumina, LLC*, 910 F.3d 216, 220 (5th Cir. 2018) (quoting *Smallwood*, 385 F.3d at 573–74). However, *Smallwood* warns this "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573–74. Although the court may consider summary judgment-type evidence in the record, any piercing of the pleadings should not entail substantial hearings. *Id*; *Travis v. Irby*, 326 F.3d 644, 649. (5th Cir. 2003). Discovery should not be allowed unless it is sharply tailored to the question at hand and there has been a showing of its necessity.

*Smallwood*, 385 F.3d at 573–74. Traversing outside of these restrictions places the court at risk of moving beyond jurisdiction and into the merits of the case. *Id.*

The party claiming improper joinder bears the burden of persuasion, and that burden is a heavy one. *Travis v. Irby*, 326 F.3d 644, 649. (5th Cir. 2003). Accordingly, the court must view all unchallenged factual allegations, including those in the petition, in the light most favorable to the plaintiff and resolve "[a]ny contested issues of fact and ambiguities of state law in favor of the plaintiff." *Travis*, 326 F.3d at 649 (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)). If there is at least one nondiverse defendant, there is no federal diversity jurisdiction. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). Thus, for the case to remain in federal court, Removing Defendants must prove that Defendant Guitroz was improperly joined.

At the outset, Plaintiff properly alleges a negligence claim against Guitroz so improper joinder is not established under the Rule 12(b)(6)-type analysis. Removing Defendants recognize as much but claim that Plaintiff has no reasonable possibility of recovery against Guitroz because Plaintiff and Guitroz were co-workers at KJ York and were in the course and scope of their employment at the time of the accident. (Rec. Doc. 10, p. 2). Thus, according to Removing Defendants, Guitroz is improperly joined because he is an immune co-employee under the Louisiana's Workers' Compensation Act ("LWCA"). (*Id.* p. 4). Accordingly, this court will "pierce the pleadings" and conduct a summary inquiry to determine whether Plaintiff has a reasonable possibility of recovering against Guitroz.

Under the LWCA, a plaintiff's exclusive remedy against his or her employer or co-employee for work-related injuries is limited to workers' compensation benefits, unless the injury results from an intentional tort. La. Rev. Stat. § 23:1032; *see Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (citing *Cole v. State Dep't of Pub. Safety & Corr.*, 825 So.2d 1134 (La. 2002)). To fall within the workers' compensation recovery scheme there must be an employment relationship, the injury must arise out of or in

the course of employment, and the plaintiff-employee must have suffered a compensable injury, as defined

by the statute. *See generally* La. Rev. Stat. § 23:1032. Independent contractors, however, are generally

excluded from Louisiana's workers' compensation regime. La. Rev. Stat. § 23:1021(7).  Section 23:1021(7)

of the Louisiana Revised Statutes states:

> "Independent contractor" means any person who renders service, other than manual labor, for a
> specified recompense for a specified result either as a unit or as a whole, under the control of his
> principal as to results of his work only, and not as to the means by which such result is accomplished,
> and are expressly excluded from the provisions of this Chapter unless a substantial part of the work
> time of an independent contractor is spent in manual labor by him in carrying out the terms of the
> contract, in which case the independent contractor is expressly covered by the provisions of this
> Chapter. . . .

*Id.* This means that an independent contractor engaged primarily in manual labor has a claim for workers'

compensation against his principal and the principal is immunized from a negligence suit. *Jorge-Chavelas v.*

*La. Farm Bureau Cas. Ins. Co.*, 917 F.3d 847, 851–52 (5th Cir. 2019). Thus, under Louisiana law, the

improper joinder analysis pertaining to Guitroz turns on whether Plaintiff was an independent contractor or

employee; and, if he was an independent contractor, whether a substantial part of his work time was spent in

manual labor carrying out the terms of the contract.

In support of Removing Defendants' assertion that Plaintiff was an employee of KJ York at the time

of the accident, they present an affidavit by Kimberly York, the co-owner of KJ York. (Rec. Doc. 10-1,

Affidavit p. 1). Ms. York states that from March 2019 to February 18, 2020 Plaintiff was directly employed

by KJ York as a technician, a manual labor position wherein Plaintiff loaded and unloaded garbage containers

from KJ York vehicles. (*Id.*). Ms. York further claims that Plaintiff was provided with work uniforms and a

monthly stipend for his phone and that Plaintiff received all work instructions directly from KJ York

management. (*Id.*). Ms. York states that on the date of the accident, Plaintiff was traveling with co-employee

Guitroz and that both were in the course and scope of their employment. (*Id.* p. 2).  Ms. York's affidavit also

details the wages that KJ York paid Plaintiff in 2019 and 2020. (*Id.*). Removing Defendants attached the corresponding transaction reports as Exhibit 1A and Exhibit 1B. (Rec. Docs. 10-2, 10-3).

In Plaintiff's reply memorandum in support of the Motion to Remand he claims he was an independent contractor at the time of the accident. (Rec. Doc. 14, p. 1). Plaintiff supports this contention with his own affidavit. Contrary to Ms. York's affidavit, Plaintiff claims that he was contracted to KJ York as "Cart Specialist" from April 2016 to February 2020 (Rec. Doc. 14-1, Affidavit p. 1). Although he held employee status with KJ York for a few weeks in 2018 or 2019, Plaintiff says he ultimately negotiated with KJ York to be returned to the position of non-employee contractor. (*Id.*). Plaintiff's affidavit states that he did not have a set work schedule, he had the authority to accept or deny jobs that KJ York offered him, and he could perform the jobs at his discretion without any direct supervision by KJ York. (*Id.*). Besides the brief period where he was labeled as "employee," Plaintiff alleges that he was not paid employee wages or a monthly phone stipend and KJ York never deducted any taxes, social security, or other withholding from payments made to Plaintiff. (*Id.* p. 2). Instead, he claims he was paid a set amount per day worked. (*Id.* p. 1). Plaintiff alleges that KJ York provided him with a Form 1099-NEC for each year that he worked. (*Id.* p. 1). In support, he attached his Form 1099-NEC for the year 2020, the year of the accident. (*Id.* pp. 1, 3). The form shows that Plaintiff's 2020 compensation from KJ York was labeled as "nonemployee compensation." (*Id.*).

As previously indicated, Defendants contend that Plaintiff was an employee of KJ York, rendering workers' compensation as Plaintiff's exclusive remedy and barring his negligence claim against Guitroz. This is a proper legal conclusion under Louisiana law, if Plaintiff in fact had an employment relationship with KJ York as defined by the LWCA and Louisiana case law. However, both Plaintiff and Removing Defendants point to competing summary-judgment type evidence on this issue. Defendants provided evidence showing that Plaintiff was an employee of KJ York, while Plaintiff presented evidence indicating that he was an

independent, non-employee contractor. This creates a disputed issue of fact which must be resolved in the Plaintiff's favor during a summary inquiry.

The summary inquiry for improper joinder does not allow the Court to weigh evidence or to resolve material factual disputes as if it were sitting as the factfinder. And a resolution of this issue would require the Court to do so by assessing the credibility of Plaintiff and Ms. Kimberly. Such an inquiry would move the Court beyond the parameters prescribed by the Fifth Circuit. The law is clear that all factual disputes and ambiguities must be resolved in favor of the plaintiff and remand. Therefore, without definitive evidence that Plaintiff is an employee, or an independent contractor covered by the LWCA, Removing Defendants have failed to meet their "heavy burden" of proving that Plaintiff has no possibility of recovering against Defendant Guitroz. Accordingly, Defendant Guitroz is not improperly joined in this suit and the case shall be remanded for a lack of complete diversity between the parties.

The Court notes that, although the parties dedicate their memoranda to debating the propriety of the joinder of Guitroz as a defendant, Removing Defendants' notice of removal is deficient for failure to distinctly and affirmatively allege the parties' citizenship. Specifically, Removing Defendants allege that KJ York is "domiciled and headquartered in Bayou Vista, Texas" rather than identifying the place of its incorporation and principal place of business (Rec. Doc. 1, Notice of Removal ¶ 10). Removing Defendants also failed to properly allege the citizenship of Allied P&C Insurance Co., a corporation. Defendants merely stated that Allied takes on the domicile of its insureds for removal purposes but failed to identify the insured or the insured's citizenship. (*Id.*). Finally, Removing Defendants did not address the citizenship of Nationwide Insurance Co. Instead, in a footnote, they merely state that "[u]pon information and belief, only Allied P&C Insurance Company provided insurance coverage to KJ York Enterprises, Inc. on the date of the accident." (*Id.* p. 4). Because this Court finds that there was no improper joinder and, therefore, a lack of complete diversity between the parties, the deficient notice of removal is a moot point.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 7)** filed by Plaintiff, Donald Wilford, Jr., is **GRANTED**. This matter is hereby **REMANDED** to the state court from which it was removed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

October 14, 2021

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE